UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,
CAPTAIN CHRISTIAN, and C.O.
BORDEAUS,

                Defendants.

**<u>ORDER</u>**

20 Civ. 4603 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

           Plaintiff Quandell Hickman, proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983, alleging excessive use of force and deliberate indifference to his medical needs while he was detained at the Anna M. Kross Center on Rikers Island.  (<u>See</u> Dkt. Nos. 1, 6, 7)  Defendants – the City of New York, Captain [Cossette] Christian, and [Corrections Officer Casey] Bordeau[x] – have moved to dismiss for failure to prosecute and failure to participate in discovery, pursuant to Fed. R. Civ. P. 41(b) and 37.  (Dkt. No. 26)  On August 10, 2021, this Court referred Defendants' motion to Magistrate Judge Kevin Fox for a Report and Recommendation ("R&R").  (Dkt. No. 29)  On December 3, 2021, Judge Fox submitted an R&R recommending that Defendants' motion be granted for failure to prosecute.  (R&R (Dkt. No. 32))

           For the reasons stated below, the R&R will be adopted and Plaintiff's claims will be dismissed pursuant to Fed. R. Civ. P. 41(b).

## BACKGROUND

The Complaint was filed on June 16, 2020, and alleges that, between March 2020 and May 2020, corrections officers at Rikers Island indiscriminately sprayed Plaintiff with a chemical agent on a "bus" and in his housing areas.  (Cmplt. (Dkt. No. 1)) at 2-3)[1]  Plaintiff claims that he was denied medical attention, and that the chemical agent caused him to lose consciousness and to experience breathing issues, vomiting, and headaches.  (Id. at 3)

On August 3, 2020, this Court referred this case to Judge Fox for general pretrial supervision.  (Dkt. No. 10)  In a November 4, 2020 order, Judge Fox scheduled a telephonic initial pretrial conference for December 8, 2020.  (Dkt. No. 16)  Plaintiff did not attend this conference, nor did he attend conferences scheduled for December 22, 2020, January 14, 2021, and January 28, 2021.  (Dkt. Nos. 18, 20-22)

The January 28, 2021 conference was rescheduled for February 9, 2021.  (Dkt. No. 22)  Plaintiff attended the February 9, 2021, and later that day Judge Fox entered a case management order, setting August 9, 2021 as the deadline to complete discovery and scheduling the next conference for July 7, 2021.  (Dkt. No. 24)  Plaintiff did not attend the July 7, 2021 conference, and the conference was rescheduled for July 20, 2021.  (Dkt. No. 25)  Plaintiff did not attend the July 20, 2021 conference.

At least five orders relating to the above-described conferences were mailed to Plaintiff.  (See Dkt. Nos. 16, 18, 20-22, 25; Dec. 28, 2020, Jan. 29, 2021, Feb. 19, 2021, and July 8, 2021 Docket Entries)  In these orders, Judge Fox reminds Plaintiff that "failure to comply with a court order may result in sanctions, including the dismissal of the complaint."  (Dkt. Nos. 18,

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

20-22, 25)  The docket sheet also indicates that mail sent to the address provided by Plaintiff[2] was returned to the Court on at least three occasions between November 2020 and July 2021. (Nov. 18, 2020, June 30, 2021, and July 19, 2021 Docket Entries)

      In July 7 and 8, 2021 emails, Defendants notified Plaintiff of the conference scheduled for July 7, 2021, and of the adjourned date of July 20, 2021.  (Id., Ex. D (Dkt. No. 28-4))  In these emails, Defendants warned Plaintiff that, if he failed to provide discovery, Defendants would move to dismiss.  (Id., Exs. A-D (Dkt. Nos. 28-1 through 28-4))

      On August 6, 2021, Defendants moved to dismiss for failure to prosecute and failure to participate in discovery.  (Dkt. No. 26)  In support of their motion, Defendants submit a declaration showing that, pursuant to Judge Fox's case management order, Defendants served Plaintiff with initial disclosures, document requests, and interrogatories in March and April 2021 – via email and mail – and received no response from Plaintiff.  (Jimenez Decl. (Dkt. No. 28) ¶¶ 9-10, Exs. A-B)  Defendants have also submitted an email they sent to Plaintiff on June 3, 2021, reminding Plaintiff of Defendants' outstanding discovery demands.  Plaintiff responded to this email on June 6, 2021, stating:  "my grandmother died and the people there are playing with my mail I haven't received anything I'm try and get a letter out to courts to inform them my aunt will allow me to use her address at 40 w 115 st apt 14a ny ny 10026."  (Jimenez Decl., Ex. C (Dkt. No. 28-3))

      On August 10, 2021, this Court referred Defendants' motion to dismiss to Judge Fox for an R&R.  (Dkt. No. 29)  Because Plaintiff did not respond in any way to Defendants' motion to dismiss, in an October 25, 2021 letter, Defendants requested that the Court deem their

---

[2]  In letters dated August 31, 2020 and December 7, 2020, Plaintiff states that his address is "107 E. 126 Street, Apt. 10S, New York, NY 10035."  (Aug. 31, 2020 Pltf. Ltr. (Dkt. No. 14); Dec. 7, 2020 Pltf. Ltr. (Dkt. No. 19))

motion unopposed.  (Oct. 25, 2021 Def. Ltr. (Dkt. No. 30))  Defendants sent a copy of their

October 25, 2021 letter to both the address on file with the Court – 107 East 126th Street, Apt.

10S, New York, NY 10035 – and the new address Plaintiff had provided to them – 40 West

115th Street, Apt. 14A, New York, NY 10026.  (Id. at 2 & n.1)

## I.   THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Judge Fox issued his R&R on December 3, 2021.  (R&R (Dkt. No. 32))

Judge Fox begins his analysis by setting forth the factors which a court must

weigh in deciding whether to grant a motion for failure to prosecute under Fed. R. Civ. P. 41(b):

> "A district court considering a Rule 41(b) dismissal must weigh five factors:  '(1)
> the duration of the plaintiff's failure [to prosecute or] to comply with the court
> order, (2) whether plaintiff was on notice that failure to comply would result in
> dismissal, (3) whether the defendants are likely to be prejudiced by further delay
> in the proceedings, (4) a balancing of the court's interest in managing its docket
> with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether
> the judge has adequately considered a sanction less drastic than dismissal.'  Lucas
> v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  No single factor is generally
> dispositive.  Nita v.Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir.
> 1994). . . . [H]owever, . . . dismissals are 'the harshest of sanctions' and we insist
> that dismissal 'be proceeded by particular procedural prerequisites,' including
> 'notice of the sanctionable conduct, the standard by which it will be assessed, and
> an opportunity to be heard.'  Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463,
> 467 (2d Cir. 2013) (collecting cases).  Finally, because the sanction of dismissal
> with prejudice 'has harsh consequences for clients, who may be blameless,' we
> have instructed that 'it should be used only in extreme situations.'  Id. (internal
> quotation marks and citations omitted).  We have similarly indicated that a pro se
> litigant's claim should be dismissed for failure to prosecute 'only when the
> circumstances are sufficiently extreme.'  LeSane v. Hall's Sec. Analyst, Inc., 239
> F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted)."

(Id. at 5) (quoting Baptiste v. Sommers, 768 F.3d 212, 216-17 (2d Cir. 2014).

In considering the first factor, Judge Fox notes that "plaintiff failed to participate

in this action from February 9, 2021, to August 6, 2021, the date of the motion [to dismiss for

failure to prosecute]" – a "substantial" period of approximately four months.  Plaintiff also did

not make his initial disclosures or respond to Defendants' discovery demands, and he did not

participate in the July 7, 2021 status conference or the rescheduled July 20, 2021 status conference.  Judge Fox further notes that Plaintiff's only communication with Defendants during this period was a June 6, 2021 email, in which he told Defendants that he would notify the Court of his changed address; Plaintiff did not do so.  (Id. at 6-7)

As to the second factor, Judge Fox finds that Plaintiff was on notice that his failure to participate in this action could result in the dismissal of his claims.  Judge Fox cites to five of his scheduling orders, each of which warns Plaintiff that a failure to prosecute the action or comply with a court order could result in the dismissal of Plaintiff's complaint.  (Id. at 7-8 (citing Dkt. Nos. 18, 20-22, 25))

As to the third factor, Judge Fox concludes that "Plaintiff's failure to attend conferences and engage in the pretrial discovery process is prejudicial to the defendants, who are unable to defend against the allegations in the complaint without the plaintiff's participation in the action.  The Court finds that substantial prejudice will attend the defendants from any further delay in the proceedings."  (Id. at 8)

As to the fourth factor, Judge Fox finds that the Court's interest in managing its docket outweighs plaintiff's interest in receiving a fair chance to be heard:  "In the eighteen months since the plaintiff filed his complaint, he has appeared at only one pretrial conference: the [February] 9, 2021 initial pretrial conference, which was the fourth such conference scheduled due to the plaintiff's failure to attend and participate in the earlier conferences."  (Id. at 8)

Judge Fox concludes that dismissal for failure to prosecute is appropriate because – given Plaintiff's failure to attend scheduled conferences, participate in the pretrial discovery process, and respond to the instant motion – a less drastic sanction would be "futile."  (Id. at 9)[3]

Judge Fox warns in his R&R that a failure to file objections to the R&R within fourteen days will result in the waiver of judicial review:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Any requests for an extension of time for filing objections must be directed to Judge Gardephe.  Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.

(Id. at 10 (citations and emphasis omitted))

The docket sheet reflects that a copy of the R&R was mailed to the last address Plaintiff had provided to the Court – 107 East 126 Street, Apt. 10S, New York, NY 10035 – on December 6, 2021.  (Dec. 6, 2021 Docket Entry)

## II.    THE PARTIES' POST-R&R SUBMISSIONS

In a letter from Plaintiff postmarked December 23, 2021, Plaintiff reports that his grandmother died from the COVID-19 virus on February 22, 2021, and that 107 East 126th Street, Apt. 10S is no longer his address.  (Pltf. Ltr. (Dkt. No. 33) at 1)  Plaintiff also reports that he is now detained at Rikers Island.  (Id.)  Plaintiff requests information concerning the status of the instant case.  (Id. at 1-2)  This Court arranged for copies of the docket sheet to be mailed to Plaintiff at Rikers Island.  (Dec. 29, 2021 Docket Entry)

---

[3]  Judge Fox rejects Defendants' argument that dismissal is appropriate under Fed. R. Civ. P. 37(b)(2)(A) – which addresses non-compliance with a discovery order – because Defendants did not move to compel discovery responses from Plaintiff.  (R&R (Dkt. No. 32) at 9)

In a January 12, 2022 letter, Defendants request that this Court adopt Judge Fox's R&R.  (Jan. 12, 2022 Def. Ltr. (Dkt. No. 35))  Defendants further request that the Court not construe Plaintiff's November 25, 2021 letter as an objection to Judge Fox's R&R, or as a response to their motion to dismiss for failure to prosecute.  (Id. at 2)

In a January 20, 2022 letter, Plaintiff asks the Court "to deny the people's motion to dismiss," citing the COVID-19 pandemic:

> My release from prison on August 17, 2020 was at the height of the pandemic.  Since things opened up and I was able to move around and get things in order I did.  I was not employed and was allowed to stay with my now deceased grandmother who helped keep me afloat.  Once my grandmother passed my life changed for the worse. . . .
>
> I also hope my lack of knowledge to the law and its guidelines wouldnt be used against me under the worste times of the world (The Global Pandemic)  Sorry for any inconvenience this may cause.  Once again I am not a law person.

(Jan. 20, 2022 Pltf. Ltr. (Dkt. No. 36))

## DISCUSSION

I.   **LEGAL STANDARDS**

   A.   **Review of a Report and Recommendation**

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.   Where no timely objections are filed to a magistrate judge's R&R, judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's [R&R] operates as a waiver of further judicial review of

the magistrate's decision." (citation omitted)); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report." (citation omitted)).

"[T]o the extent . . . that the [objecting] party makes only conclusory or general arguments, . . . the Court will review the [R&R] strictly for clear error." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citation and quotation marks omitted). Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] . . . . even a pro se party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal." Id. at 340 (citations and quotation marks omitted). For portions of the R&R to which no objection is made, a court's review is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation and quotation marks omitted). A decision is "clearly erroneous" when the Court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (citation and quotation omitted).

B.   **Dismissal Under Rule 41(b) for Failure to Prosecute**

As discussed in the R&R, in considering whether to dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in

managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective]." Baptiste, 768 F.3d at 216 (quotation marks and citation omitted).  "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R&R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

## II.    ANALYSIS

Although Plaintiff's January 20, 2022 letter (Dkt. No. 36) is untimely, this Court construes the letter as an objection to Judge Fox's recommendation that this case be dismissed for failure to prosecute.  Plaintiff does not address Judge Fox's findings in the R&R, however. Accordingly, the R&R will be reviewed for clear error.

As an initial matter, Plaintiff was aware of his obligation to keep this Court apprised of his address.  In July, August, and December 2020, he updated the Court as to his then current address.  (Dkt. Nos. 5, 14, 19)  Accepting Plaintiff's representation that he became homeless and could no longer receive mail at 107 East 126th Street, Apt. 10S at some unknown point after his grandmother's death on February 22, 2021 (see Pltf. Ltr. (Dkt. No. 33)), this representation does not explain Plaintiff's failure to attend court conferences and his failure to obey court orders prior to his grandmother's death.

As discussed above, Plaintiff did not appear for four telephonic court conferences between December 8, 2020 and January 28, 2021.  During this time, he was living with his grandmother at 107 East 126th Street, Apt. 10S – the address on file with the Court.  On

February 9, 2021, he attended a court conference.  (Dkt. Nos. 14, 19, 22, 33, 36; Dec. 8, 2020,

Dec. 22, 2020, Jan. 14, 2021, and Feb. 9, 2021 Docket Entries)

        In June 2021, Plaintiff was in email communication with Defendants, advised

Defendants of his new address, and stated that he would advise the Court of his new address.  He

did not do so.  (Id., Ex. C (Dkt. No. 28-3); Pltf. Ltr. (Dkt. No. 33))  Plaintiff did not appear for a

telephonic court conference on July 7, 2021, or at the rescheduled telephonic conference on July

20, 2021, despite email notices from Defendants advising him of these scheduled conferences.

(Jiminez Decl., Ex. D (Dkt. No. 28-4); July 7, 2021 and July 21, 2021 Docket Entries)

        On August 6, 2021, Defendants served their motion to dismiss on Plaintiff both

by regular mail and by email.  (Oct. 25, 2021 Def. Lt. (Dkt. No. 30) at 1)  He did not respond.  In

an October 25, 2021 letter to the Court, Defendants recounted Plaintiff's failure to respond to

Defendants' discovery requests – which had been served both by regular mail and by email –

failure to attend court conferences, and failure to respond to their motion to dismiss.  In light of

Plaintiff's failure to respond to the motion to dismiss, Defendants asked that their motion be

deemed unopposed.  (Id.)  Defendants sent a copy of their October 25, 2021 letter by email to

Plaintiff and also by regular mail to the address on file with the Court and the new address he

had provided to Defendants.  (Id. at 2 & n.1)  Plaintiff did not respond in any fashion.

        Accordingly, on December 3, 2021, Judge Fox issued his R&R recommending

that this action be dismissed for failure to prosecute.

        The Court concludes that Plaintiff has not adequately explained his failure to

prosecute this action during the period between February and December 2021, and that the

period of delay occasioned by Plaintiff's conduct justifies dismissal.  See Yourman v. Metro.

Transportation Auth., No. 20CIV779PGGDCF, 2021 WL 4027014, at *3 (S.D.N.Y. Sept. 2,

2021) (noting that "Plaintiff does not adequately explain why he was unable to contact the Court by mailing a letter," and citing case law showing that eight-month delay in prosecuting case may warrant dismissal). Given Plaintiff's repeated failure to meet his obligations – including his failure to keep the Court apprised of his current address, failure to respond to discovery requests, failure to attend court conferences, and failure to respond to a motion to dismiss – there are ample grounds to conclude that no sanction short of dismissal will be efficacious. Plaintiff's conduct in many other litigations confirms this conclusion.[4]

        Accordingly, there is no error in Judge Fox's findings, and dismissal for failure to prosecute is appropriate. Given that Plaintiff is proceeding pro se, dismissal will be without prejudice. See Grace v. New York, No. 10 Civ. 3853 (LTS)(GWG), 2010 U.S. Dist. LEXIS 97732, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010), adopted by 2010 U.S. Dist. LEXIS 109522, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).

---

[4] Plaintiff has filed at least fourteen other civil rights actions in this District, many of which have been dismissed for failure to prosecute or to obey court orders. See, e.g., Hickman v. City of New York et al, 12 Civ. 7293 (KBF), (dismissed for failure to prosecute); Hickman v. City of New York et al, 15 Civ. 7498 (JMF), (dismissed for failure to prosecute); Hickman v. City of New York et al, 15 Civ. 7571 (KBF), (dismissed for failure to prosecute); Hickman v. City of New York et al, 15 Civ. 8851 (LAP), (dismissed for failure to comply with court order); Hickman v. Arias, 16 Civ. 8853 (CM), (dismissed for failure to comply with court order); Hickman v. Legal Aid Society et al, 19 Civ. 5294 (AT), (dismissed for failure to prosecute); Hickman v. City of New York, 20 Civ. 7205 (GHW), (dismissed for failure to prosecute and to comply with court orders).

## CONCLUSION

For the reasons stated above, Judge Fox's R&R is adopted in its entirety.

Plaintiff's claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  The Clerk of

Court is directed to mail a copy of this Order to pro se Plaintiff Quandell Hickman at 40 West

115th St., Apt. 14A, New York, NY 10026, and to close this case.

Dated: New York, New York
     March 7, 2022

                      SO ORDERED.

                      Paul G. Gardephe
                      United States District Judge